IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISLIAH DENNIS, | § | |
| SID NO. 07155786, | § | |
| SPN 45152, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-10-0891 |
| | § | |
| CORNELL COMPANIES, INC., *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff, a parolee detained in the Bexar County Adult Detention Center proceeding *pro se* and *in forma pauperis*, has filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983. (Docket Entry No.1). The Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

BACKGROUND

Pursuant to a negotiated plea, plaintiff was convicted of criminal solicitation of a minor and sexual performance of a child and sentenced to five years confinement in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"). *Dennis v. State*, Nos. 04-06-00462-CR, 04-06-00463-CR (Tex. App.—San Antonio 2007, pet. ref'd). On March 13, 2008, plaintiff was released on mandatory supervision. (Docket Entry No.1). He claims that he was "instantly ordered and committed to the Reid Community Residential Facility about three times between 2008 and 2009," and to the Beaumont Transitional Treatment Center about six times during the same time period. (*Id.*). Plaintiff claims that he was confined in such facilities without due process of law because of the policies created and maintained by the Cornell Companies, Inc. (*Id.*). He claims that an unknown defendant contracted with the

1

Cornell Companies to confine him without due process.  (*Id.*).  Plaintiff seeks declaratory relief and compensatory damages.  (*Id.*).

The Court takes judicial notice that in February 2009, while confined in the South Texas Intermediate Transfer Facility, plaintiff filed suit in the United States District Court for the Western District of Texas, San Antonio Division.[1]  *Dennis v. Board of Pardon and Paroles*, Civil Action No.SA-CA-101-OG (W.D. Tex. May 28, 2009).  Plaintiff's pleadings in Civil Action No.SA-CA-101-OG show that while confined in the Beaumont Center Halfway House, he was arrested on July 23, 2008, on an affidavit signed by a former girlfriend.  *Id.*, complaint and attachments.  On September 5, 2008, following a preliminary hearing in Jefferson County, Texas, the Texas Board of Pardons and Paroles ordered plaintiff's placement in an intermediate sanction facility[2] and added new conditions of supervision.  *Id.*  Plaintiff later reported that he was released from the intermediate sanction facility on April 2, 2009.[3]  *Id.*

<u>DISCUSSION</u>

When a litigant proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the claim is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  42 U.S.C. § 1997(e)(c) and 28 U.S.C. §

---

[1] He complained in Civil Action No.SA-CA-101-OG about parole revocation proceedings, the denial of counsel, placement in the intermediate sanction facility, and additional conditions on his mandatory supervised release. Citing *Heck v. Humphey*, 512 U.S. 477, 486-87 (1994) and *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), the San Antonio District Court held that plaintiff had "no federal civil rights action for the revocation of his parole or his current custody until the revocation of the parole and his custody are declared unlawful in the criminal proceedings." Civil Action No.SA-CA-101-OG (Docket Entry No.12).  The San Antonio District Court dismissed the complaint as legally frivolous.  *Id.*  The San Antonio Court later denied plaintiff's motion for relief from judgment, noting that even though plaintiff was no longer confined in the intermediate sanction facility, he must still meet the favorable termination requirement of *Heck*. *Id.*

[2] An intermediate sanction facility is a fully-secured facility used for short-term incarceration of offenders who violate the conditions of their community supervision, parole, or mandatory supervision.  *Thomas v. Johnson*, No. 2:99cv-0349, n. 1; 2001 WL 169590 (N.D. Tex. Jan. 16, 2001).

[3] He does not indicate the reason for his present detention in the Bexar County Detention Center.

1915(e)(2)(B).  An action is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist."  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Plaintiff's claims in the present suit are disingenuous.  Both the Reid Community Residential Facility and the Beaumont Transitional Treatment Center are pre-release facilities, or halfway houses, operated by Cornell Companies, Inc. under a contract with the TDCJ.  *Hudson v. Texas Dept. of Criminal Justice*, No.H-04-3498, 2005 WL 1364712, *1 (S.D. Tex. June 6, 2005); Cornell Companies website.[4]  Plaintiff's pleadings in Civil Action No.SA-CA-101-OG show that plaintiff is under the authority of the Texas Board of Pardons and Paroles and is subject to and knowledgeable of the rules and conditions of his administrative release status. Civil Action No.SA-CA-101-OG  at Docket Entry No.7, page 11.  The same pleadings show that he was on the sex offender case load and a resident at the Beaumont facility in May 2008.  *Id*. He was assigned a parole officer and a sex offender treatment provider.  *Id*.

Plaintiff does not identify any policy of either facility nor does he state any facts that would show that either private facility or the corporate headquarters of the Cornell Companies had a policy by which a TDCJ parolee could be confined in a half-way house owned and operated by the Cornell Companies without a commitment order from TDCJ or the Texas Board of Pardons and Paroles.  Moreover, plaintiff's pleadings in Civil Action No.SA-CA-101-OG show that plaintiff is well aware that the "unknown contractor," whom he claims violated his due process rights by his confinement in such facilities, is TDCJ.

---

[4] http://cornellcompanies.com.lcglink.com/images/upload/Beaumont%2005-06%20FINAL.pdf

Accordingly, the Court finds the present complaint is legally frivolous and subject to dismissal.

CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1.      Plaintiff's complaint (Docket Entry No.1) is DISMISSED, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.      All pending motions are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; Sharon Nevil, Custodian of the Bexar County Sheriff's Department Inmate Trust Fund, Bexar County Adult Detention Center, 200 N. Comal, San Antonio, Texas 78207; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas  75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, this 24th day of May, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

4